UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO.
1:07CV132-J

JOHN S. LEWIS                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                      DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of John Lewis ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further consideration.

## PROCEDURAL HISTORY

On January 28, 2003, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of November 12, 2000. After three administrative hearings, Administrative Law Judge Kayser ("ALJ") determined that claimant's cognitive disorder, depressive disorder and questionable heavy metal toxicity were severe impairments, but that he could do medium work and his impairments did not prevent him from performing his past relevant work. This became the final decision of the Defendant when the Appeals Council denied review on July 5, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to find that his condition met or medically equaled a listed impairment. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

Plaintiff bears the burden of proving that he meets or equals a Listing. Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987). He must present specific medical information to satisfy all of the Listing criteria. 20 C.F.R. Sec. 416.925. Listings are to be interpreted very strictly, and the plaintiff must establish the existence of all elements of the Listing. Foster v. Halter, 279 F.3d 348 (6th Cir. 2001), Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987). To meet a listing, a claimant must use specific *medical* evidence. That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing. "An

impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The plaintiff cannot show that he "equals" a Listing simply by showing overall functional impact of his condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990).

Only objective medical evidence is relevant at the "Listing" stage. The claimant must point to specific medical evidence satisfying all of the criteria for the relevant listing. In this case, the plaintiff has attempted to shift to the Commissioner the burden of showing inapplicability of the Listings. That is not the law in the Sixth Circuit and the argument is without merit.

Plaintiff argues that substantial evidence fails to support the ALJ's conclusion of "questionable" heavy metal toxicity. Claimant claims this is unsupportable, and he points to the biopsy results showing the presence of various metals, and to the testimony of Dr. Goldstein who testified there was no question that the reports show unusually high levels of toxins. However, as noted by the ALJ, Dr. Goldstein also testified regarding the types of symptoms someone with metal poisoning would experience, including joint problems, shortness of breath and muscle wasting, physical effects that are not in evidence in Mr. Lewis.
In addition, the ALJ noted evidence indicating normal joint function, normal pulmonary function, etc.

While there is ample evidence (as discussed by the ALJ) that would support the notion that plaintiff's metal poisoning is "questionable," in the end that is something of a moot point: The central question in a social security disability inquiry concerns the limitations, if any,

imposed by an impairment. Toxicologist Hildegarde Staninger explained in a written statement that berylliosis would primarily affect the lungs; Dr. Goldstein, a pulmonologist, testified that there was not indication of limitation of pulmonary function. Tr. 525, 633-645. Regardless of whether Mr. Lewis' heavy metal poisoning is frank or questionable, the ALJ properly considered the central question of the functional limitations imposed by the condition. The Court sees no error requiring reconsideration, and finds ample evidence to support the ALJ's conclusion.

Claimant next argues that the ALJ erred in evaluating credibility. The ALJ explicitly found that Mr. Lewis' testimony was "not entirely credible." Tr. 32.

> SR 96-7p provides instruction on credibility evaluation as follows:
>
> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;

2) The location, duration, frequency, and intensity of your pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, you receive or have received for relief of your

4

pain or other symptoms;

  6)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

  7)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

  The ALJ discussed the absence of objective evidence of ongoing physical problems, pointing out the normal physical exam, and good performance on exercise studies. Notwithstanding Mr. Lewis' claims that he is easily fatigued and has no stamina, the ALJ observed a man who appeared in excellent physical condition,. The Sixth Circuit has repeatedly upheld the principle that "the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

  With respect to treatment, Mr. Lewis does not have a regular doctor and does not receive regular treatment. The ALJ also noted the absence of psychological treatment. Plaintiff complains of excruciating bone and muscle pain, but Dr. Santucci reported that on his examination, Mr. Lewis appeared healthy and well-developed and was comfortable both sitting and standing. The Court perceives no error in the ALJ's conduct of his credibility determination.

  Mr. Lewis contends that substantial evidence fails to support the determination that he can return to his previous work without additional limitation. Residual functional capacity

(RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account. Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis. Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC. Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

The specific limitation that Mr. Lewis believes should have been included concerns exposure to chemicals, dust and metals. Dr. Goldstein testified that such exposure should be avoided. Tr. 641. Dr. Santucci stated exposure to such substances should be limited. Tr. 554-557. Dr. Mallampalli opined that such conditions would be contraindicated. Tr. 532-536. Nonetheless, the ALJ's assessment of RFC does not address such limitations. Remand is necessary to address this issue.

An order in conformity has this day entered.